# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NIGUAL O'KEITH BROWN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR344-1 |
| | ) | 1:15CV817 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for recommended rulings on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 70), the Government's Motion to Dismiss (Docket Entry 74), Petitioner's Motion for Leave to Supplement His Section 2255 Motion ("Supplement Motion") (Docket Entry 76), and Petitioner's Supplemental Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Supplemental Section 2255 Motion") (Docket Entry 78).[1]  For the reasons that follow, the Court should grant the Government's Motion to Dismiss, should dismiss Petitioner's Section 2255 Motion as untimely, should deny his Supplement Motion as futile, and should deny his Supplemental Section 2255 Motion for want of merit.

---

[1] Parenthetical citations refer to Petitioner's criminal case.

This Court (per now-Chief United States District Judge Thomas D. Schroeder) entered a Judgment against Petitioner imposing, inter alia, concurrent prison terms of 175 months, upon his guilty plea to two counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). (Docket Entries 49, 80; see also Docket Entry 1 (Indictment); Docket Entry 23 (Plea Agt.); Docket Entry 60 (Plea Hrg. Tr.); Docket Entry 61 (Sent'g Hrg. Tr.).) Petitioner appealed (see Docket Entry 50), but (on March 31, 2014) the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Brown, 564 F. App'x 5 (4th Cir. 2014). He did not seek review in the United States Supreme Court. (See Docket Entry 70, ¶ 9(g); Docket Entry 78, ¶ 9(g).)

On September 23, 2015, Petitioner submitted his Section 2255 Motion (see Docket Entry 70, Decl. ¶), asserting these four grounds for relief:

1) "Ineffective Assistance of Counsel" (id., ¶ 12(Ground One)), because his "appellate attorney . . . failed to argue on appeal that the residual clause of the Career Offender [guideline] requires the burglary of a dwelling" (id., ¶ 12(Ground One)(a); see also id. ("My previous state court conviction was not a burglary of a dwelling [and] therefore it did not satisfy the requirement of [U.S.S.G. §] 4B1.2 . . . . My conviction was for a Vacant Home not a dwelling." (emphasis in original)));

2) "United States v. Simmons, 649 F.3d 237 (4th Cir. [2011]) (en banc) <u>ISSUE</u>" (<u>id.</u>, ¶ 12(Ground Two) (emphasis in original)), based on allegations that Petitioner's "previous burglary charges in State Court [resulted in an] 8 to 10 months sentence with existing mitigating factors[ and] therefore [he] could not have received more that [sic] the 8 to 10 month sentence that was imposed," rendering that conviction "insufficient to meet the requirement as a means to enhance [his] sentence under the Career Offender [guideline]" (<u>id.</u>, ¶ 12(Ground Two)(a));

3) "Ineffective Assistance of Pretrial[,] Trial & Appeallate [sic] Counsel /& Due Process Violation & Equal Protection Violation" (<u>id.</u>, ¶ 12(Ground Three) (emphasis omitted)), because this Court "erred, and [Petitioner's] counsel failed to object to the Probation Officer and [the Court] applying the modified categorical approach in determining that [Petitioner's] Breaking and Entering previous conviction (09CRS50932) was a predicate offense, that qualified [him] to be enhanced under the Career Offender [guideline]" (<u>id.</u>, ¶ 12(Ground Three)(a) (citing <u>United States v. Montes-Flores</u>, 736 F.3d 357 (4th Cir. 2013), and <u>Descamps v. United States</u>, 570 U.S. 254 (2013))); and

4) "Ineffective Assistance of Counsel (Pretrial[,] Trial & Appellate[)] /& Due Process & Equal Protection violation" (<u>id.</u>, ¶ 12(Ground Four)), because "[c]onspiracy in it's [sic] self is non-violent[ and] therefore [his prior conviction for conspiracy to

3

commit robbery with a dangerous weapon] does not qualify as a predicate offense [under U.S.S.G. § 4B1.1]" (id., ¶ 12(Ground Four)(a) (citing Montes-Flores, Descamps, and either Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), or Johnson v. United States, 559 U.S. 133 (2010))).

The United States moved to dismiss Petitioner's Section 2255 Motion as untimely. (Docket Entry 74.) Petitioner responded in opposition and incorporated therein his Supplement Motion. (Docket Entry 76.) In that filing, Petitioner argued that, "[i]f this Court finds the government argument [that he filed his Section 2255 Motion out-of-time] to be persuasive and correct," then the Court should allow him "to supplement []his [Section] 2255 [Motion] with a seperate [sic] claim of Ineffective Assistance of Counsel," based on the allegation that his counsel "informed [him] via letter that [his] Judgment did not become final until April 22, 2014." (Id. at 1 (citing id. at 2 (stating, in letter dated Oct. 30, 2014, from Petitioner's (by-then former)[2] counsel to Petitioner: "You have 1 year to file a 2255 petition. The year starts when the judgment is filed. In your case, the judgment took effect April 22, 2014."))).

The Clerk thereafter received Petitioner's Supplemental Section 2255 Motion (Docket Entry 78) (which he dated as signed

_____

[2] "The duty of counsel appointed under the [Criminal Justice Act, 18 U.S.C. § 3006A(a)(1),] extends through advising an unsuccessful appellant in writing of the right to seek review in the Supreme Court." U.S. Ct. of App. 4th Cir. R. 46(d).

4

and submitted for mailing on June 24, 2016 (see id., Decl. ¶)), in which he asserted a claim for "Due Process Violation" (id., ¶ 12(Ground One)), based on the allegation that his "prior NC convictions for breaking and entering and conspiracy to to [sic] commit robbery are not valid predicate convictions for career offender [status] after the residual clause was voided by the decision in Johnson" (id., ¶ 12(Ground One)(a) (standard capitalization applied)).[3]

## DISCUSSION

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

_____

[3] Prior to filing his Supplemental Section 2255 Motion, Petitioner sent a letter to the Office of the Federal Public Defender (which later made its way onto the Docket), expressing an interest in challenging his Career Offender designation based on Johnson (and, if successful on that point, challenging other Sentencing Guidelines calculations that would have affected his advisory range absent Career Offender status, based on Alleyne v. United States, 570 U.S. 99 (2013)). (See Docket Entry 77.) To the extent the Court wishes to treat that letter as asserting any collateral claim, it entitles Petitioner to no relief because, for reasons shown in the Discussion section, Petitioner's Johnson claim cannot invalidate his Career Offender designation and because "Alleyne had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179–80 (4th Cir. 2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014). More recently, in a filing dated as signed March 20, 2017, entitled "Memorandum Brief in Support of Motion for Leave to Amend 28 USC 2255 Petition," Petitioner elaborated on arguments he previously made in connection with his Johnson claim, as well as Grounds Three and Four of his Section 2255 Motion. (See Docket Entry 84.) To the extent the Court must consider those arguments, they do not alter the analysis in the Discussion section deeming Petitioner's Section 2255 Motion untimely and his Johnson claim meritless.

5

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's conviction became final and his collateral filing time began to run on or about June 29, 2014, 90 days after the Fourth Circuit's affirmance (i.e., his certiorari deadline).  See Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1) & (3). The one-year limitation period expired on or about June 29, 2015, nearly three months before Petitioner submitted his Section 2255 Motion (on September 23, 2015, as documented in the Introduction).[4]

_____

[4] On August 24, 2015, the Clerk docketed a "Motion for Extension of Time" (see Docket Entry 67 at 1), dated by Petitioner as signed on July 14, 2015 (see id. at 2).  That filing sought an order allowing Petitioner until September 24, 2015, to file a motion under Section 2255, because, "on Wed. July 8, 2015 at 6:30 pm a race war occurred at [Petitioner's prison]," resulting in a "lockdown for an extended amount of time."  (Id. at 1.)  The Court

(continued...)

In the paragraph of his Section 2255 Motion entitled "TIMELINESS OF MOTION," which instructs that, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations . . . does not bar your motion" (Docket Entry 70, ¶ 18), Petitioner did not contend that Paragraphs (2), (3), or (4) of Subsection 2255(f) applied, but instead argued:

> My Judgment took effect on April 22, 2014, [after which] I still had the 90 days for the filing of a certiorari [petition] to the United States Supreme Court, so that would be July 22, 2014[.] But we have been on a serious lockdown for over a month due to a very serious race riot that occurred. We are now on modified lockdown which allows me to be able to come out [of] my cell and utilize the law library computer, therefore equitable tolling is appropriate in this matter from the date that we went on lockdown . . . .

(Id. (internal parenthetical omitted) (citing two attached memoranda from Petitioner's prison, dated July 16 and August 17,

---

[4](...continued)
treated that filing as a procedurally improper motion under Section 2255, denied it without prejudice, and explained that "the Court cannot simply extend the statute of limitations." (Docket Entry 68 at 1; see also Docket Entry 72 (adopting Docket Entry 68).) Even if the Court treated the date Petitioner signed the foregoing filing (July 14, 2015) as the operative date for statute of limitation purposes, he still missed the deadline under Paragraph (1) of Subsection 2255(f) (of June 29, 2015). That fact forecloses any argument for equitable tolling related to the subsequent events at Petitioner's prison that allegedly occurred on and/or after July 8, 2015. See, e.g., United States v. Fisher, Nos. 3:04-CR-172-D, 3:08-CV-1609-D, 2008 WL 5061670, at *2 (N.D. Tex. Nov. 25, 2008) (unpublished) ("Because the [Subsection 2255(f)] statute of limitations had already expired when [the petitioner] alleges that prison officials closed the mail room and removed the outside mail boxes, he is not entitled to equitable tolling.").

2015, respectively, confirming the existence of "Lock-Down status, due to an institutional emergency as of July 9, 2015").)

Petitioner's reasoning on this front rests on a faulty premise, i.e., that his 90-day period to seek certiorari review began on April 22, 2014, the date the Fourth Circuit issued the mandate (see Docket Entry 66), as to its earlier judgment (dated March 31, 2014) (see Docket Entry 65), affirming this Court's (still earlier) Judgment (Docket Entry 49). See Clay, 537 U.S. at 527 ("For the purpose of seeking review by [the Supreme] Court, in contrast, 'the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).'" (quoting U.S. Sup. Ct. R. 13(3))). Because Petitioner's 90-day certiorari application period began to run on March 31, 2014, and expired on June 29, 2014, his deadline under Subsection 2255(f) fell on June 29, 2015, and the lock-down that allegedly occurred at his prison thereafter (i.e., beginning July 9, 2015) does not entitle him to equitable tolling. See, e.g., United States v. Fisher, Nos. 3:04-CR-172-D, 3:08-CV-1609-D, 2008 WL 5061670, at *2 (N.D. Tex. Nov. 25, 2008) (unpublished) ("Because the [Subsection 2255(f)] statute of limitations had already expired when [the petitioner] alleges that prison officials closed the mail room and removed the outside mail boxes, he is not entitled to equitable tolling.").

Further, to the extent Petitioner's Supplement Motion argues for equitable tolling based on alleged ineffective assistance of counsel (see Docket Entry 76 at 1 (citing id. at 2)), the Court should reject that argument. In that regard, in the letter on which Petitioner bases his Supplement Motion, his (by-then former) counsel wrote: "You have 1 year to file a 2255 petition. The year starts when the judgment is filed. In your case, the judgment took effect April 22, 2014." (Id. at 2 (emphasis added).)

The first of those sentences correctly states the law. See 28 U.S.C. § 2255(f). The second of those sentences misstates the law, but in a manner that (if followed by Petitioner) would have caused him to submit his Section 2255 Motion sooner (not later) than required (in that it did not add 90 days after the filing of the Fourth Circuit's judgment on March 31, 2014). See Clay, 537 U.S. at 532; U.S. Sup. Ct. R. 13(1) & (3). The third of those sentences correctly states the law, see U.S. Ct. of App. 4th Cir. IOP 41.1 ("On the date of issuance of mandate, the Clerk of the Court will issue written notice to the parties and the clerk of the lower court that the judgment of the Court of Appeals takes effect that day." (emphasis added)),[5] but arguably could have caused confusion by focusing on the date of the Fourth Circuit's issuance of its

---

[5] Consistent with that authority, the Fourth Circuit's judgment affirming Petitioner's conviction states: "This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41." (Docket Entry 65 at 1.)

mandate (i.e., April 22, 2014) (see Docket Entry 66), rather than on the date of the Fourth Circuit's filing of its judgment (i.e., March 31, 2014), see Brown, 564 F. App'x at 5; however, because counsel's letter made no reference to adding 90 days to the mandate issuance date (see Docket Entry 76 at 2), if Petitioner had misconstrued April 22, 2014, as the date on which the Fourth Circuit filed its judgment and had followed his (by-then former) counsel's stated view that the one-year limitation period ran from the date of such filing (not 90 days thereafter), Petitioner would have submitted his Section 2255 Motion on or before April 22, 2015.

Under these circumstances, no basis for equitable tolling exists because Petitioner could not show that any alleged misadvice by counsel caused Petitioner to file his Section 2255 Motion after the applicable deadline of June 29, 2015. See Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that equitable tolling requires proof that "extraordinary circumstance . . . prevented timely filing"); see also Menominee Indian Tribe of Wis. v. United States, ___ U.S. ___, ___, 136 S. Ct. 750, 756 (2016) (noting that Holland limits equitable tolling to situations "where the circumstances that caused a litigant's delay are both extraordinary and beyond its control" (emphasis added) (internal emphasis omitted)).[6]

---

[6] Moreover, even if Petitioner could establish the necessary causation, he has alleged (at most) mere "garden variety" negligence by his (by-then former) counsel, which does not

(continued...)

Likewise, the Court should deny as futile Petitioner's request in his Supplement Motion to add a "claim of Ineffective Assistance of Counsel" based on the above-discussed letter (Docket Entry 76 at 1 (citing id. at 2)).  See generally United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility" warrants denial of amendment in Section 2255 context).  More specifically, "a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction," United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (observing that, "in the postconviction context[,] . . . prisoners have no constitutional right to counsel"); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255."), and, "where no Sixth Amendment right to counsel attaches to the proceeding, an

---

[6](...continued)
constitute an "extraordinary circumstance" as required to support equitable tolling.  Holland, 560 U.S. at 651-52; see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Obriecht v. Foster, 727 F.3d 744, 749 (7th Cir. 2013) ("[G]arden variety negligence includes simple legal mistakes, such as an attorney's miscalculation of the filing deadline or misunderstanding of the rules governing the [habeas statute of limitation] deadline."); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("[W]e cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to [the petitioner] that would justify equitable tolling.").

11

ineffective assistance claim cannot be sustained," <u>United States v. MacDonald</u>, 966 F.2d 854, 859 n.9 (4th Cir. 1992).

Finally, the Court should deny Petitioner's Supplemental Section 2255 Motion, because (as explained by the Fourth Circuit) the United States Supreme Court has held that <u>Johnson</u>-based challenges to Career Offender enhancements under the Sentencing Guidelines cannot succeed:

> After [Petitioner] made [his] argument [that *Johnson* invalidates his career offender designation] . . ., the Supreme Court issued its decision in *Beckles[ v. United States*, ___ U.S. ___], 137 S. Ct. 886 [(2017)]. In *Beckles*, the petitioner was . . . sentenced as [a] "career offender" under the Sentencing Guidelines — a sentencing enhancement that . . . depended on the defendant having two prior convictions for a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the [Supreme] Court's decision in *Johnson*. The government conceded . . . that the residual clause in § 4B1.2(a) was unconstitutionally vague, but it argued that the petitioner's sentence nonetheless remained valid. The [Supreme] Court, however, did not accept the government's concession. Instead, it rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:
>
>> Unlike the [Armed Career Criminal Act, 18 U.S.C. § 924(e), at issue in *Johnson*], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

> This decision clearly forecloses [Petitioner's] argument
> based on *Johnson*.

United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017) (internal

citations and ellipsis omitted) (citing and quoting Beckles, ___

U.S. at ___, 137 S. Ct. at 890-92).[7]

                              CONCLUSION

     The statute of limitation in Subsection 2255(f) bars the

claims in Petitioner's Section 2255 Motion, the ineffective

assistance claim proposed in his Supplement Motion fails as a

matter of law, and his Johnson claim lacks merit.

     **IT IS THEREFORE RECOMMENDED** that the Government's Motion to

Dismiss (Docket Entry 74) be granted, that Petitioner's Section

2255 Motion (Docket Entry 70) be dismissed as untimely, that

Petitioner's Supplement Motion (Docket Entry 76) be denied as

futile, and that Petitioner's Supplemental Section 2255 Motion

(Docket Entry 78) be denied as meritless, all without issuance of

a certificate of appealability.


                              _____/s/ L. Patrick Auld_____
                                     **L. Patrick Auld**
                              **United States Magistrate Judge**

December 6, 2017

---

[7] Pursuant to the standard practice adopted for all cases
involving Johnson claims related to Sentencing Guidelines issues,
the Court (per then-Chief United States District Judge William L.
Osteen, Jr.) entered a stay pending the Supreme Court's decision in
Beckles, but (by its express terms) that stay expired upon the
issuance of that decision. (See Text Order dated Sept. 14, 2016.)

13