IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NIGUAL O'KEITH BROWN, JR.,      )
                                )
            Petitioner,         )
                                )
      v.                        )         1:15CV817
                                )         1:12CR344-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on December 6, 2017, was served on the parties in this action. (Docs. 93, 94.) The Federal Public Defender filed a notice that no objection would be filed. (Doc. 95.) Petitioner objected to the Recommendation. (Doc. 100.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a *de novo* determination, which is in accord with the Magistrate Judge's report.[1] The court therefore adopts the Recommendation.

---

[1] Petitioner's Objection asserts, for the first time, that the seizure of certain legal documents by prison officials upon his arrival at "U.S.P. Lee County" constituted an "'impediment' by th[e] government" that affected his ability to file a timely motion under 28 U.S.C. § 2255. (Doc. 100 at 2 (emphasis omitted).) This assertion does not warrant rejection of the Recommendation for at least two reasons. First, Petitioner did not execute his Objection under oath or in compliance with 28 U.S.C. § 1746. (See id. at 4.) As a result, he has not submitted any evidence that could raise a factual question about whether 28 U.S.C. § 2255(f)(2) delayed the running of the one-year limitation period. See

IT IS THEREFORE ORDERED that the Government's Motion to Dismiss (Doc. 74) is GRANTED, that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 70) is DISMISSED AS UNTIMELY, that Petitioner's Motion for Leave to Supplement His Section 2255 Motion (Doc. 76) is DENIED AS FUTILE, and that Petitioner's Supplemental Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 78) is DENIED AS MERITLESS. A Judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

---

Mendez v. United States, Nos. 2:10cv198-29, 2:06cr82-29, 2011 WL 5555876, at 3 (M.D. Fla. Oct. 27, 2011) (ruling that, where the petitioner "provided no evidence that [prison official] interfered with or frustrated his ability to timely fil[e] the § 2255 motion, . . . § 2255(f)(2) does not apply"); see also Pizzuti v. United States, Nos. 10 Civ 199, 1003, & 2585, 02 Cr. 1237, 2014 WL 4636521, at *24 n.17 (S.D.N.Y. Sept. 16, 2014) ("I decline to give any weight to unsworn statements that do not comply with 28 U.S.C. § 1746."). Second, Petitioner's Objections provides no details about when he arrived at the prison facility in question or how possession of any seized materials would have caused him to file his § 2255 motion in a timely fashion (particularly given that he continues to argue that a communication from his former attorney caused him to miss the deadline). (See Doc. 100 at 1-4.) "[Petitioner's] vague and conclusory allegations are insufficient to demonstrate that any impediment created by governmental action in violation of the Constitution prevented [him] from preparing an earlier § 2255 motion, and, therefore, [the court] cannot find that his motion is timely under § 2255(f)(2)." United States v. Coates, No. 2:09cr8, 2014 WL 460934, at *2 (W.D. Va. Feb. 5, 2014) (internal ellipsis and quotation marks omitted).

/s/   Thomas D. Schroeder
                                        United States District Judge

March 15, 2018